

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 8, 1939

Hon. Pat Beene
County Attorney
Andrews County
Andrews, Texas

Dear Sir:

> Opinion No. O-87
> Re: Legality of Contract between Com-
> missioners' Court and County
> Attorney, delinquent tax collec-
> tions.

We wish to acknowledge receipt of your letter of
January 28th and feel that the information furnished us
therein will enable this Department to render an opinion
pertaining to the questions asked. Your questions as con-
tained in said letter read as follows:

> "Could the Commissioners' Court legally
> contract to give the county attorney 10% of
> the delinquent taxes that came in. Personally,
> I do not think so, and cite you to the case of
> Stringer (County Attorney) vs. Franklin County,
> 123 SW 1068, Syb. 10.

> "If this was illegal could the Commissioners'
> Court, at the end of the year and after they
> discovered that the contract made was illegal,
> make a retroactive order allowing the County
> Attorney an amount equal to 10% of the delin-
> quent tax collections."

We have recently learned that your county has a
population under twenty thousand according to the last pre-
ceding Federal census.

The statutes controlling fees or compensation pay-
able to County Attorneys are Articles 7332 and 335, Revised
Civil Statutes of 1925. This Department has consistently
held that Article 7332 only covers the compensation to
which a district or county attorney would be entitled to re-
ceive for his services in suits for the collection of delin-
quent taxes on real estate and that such fees so provided

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

therein are exclusive of all other compensation for such services. The county or district attorney would not be entitled to any commission in addition to the fees provided for in said article for his services in the filing and prosecution of delinquent tax suits for the collection of taxes due on real estate.

Under Article 335, 10% commission on money collected in the preparation, filing and prosecution of delinquent tax suits against personal property have been allowed the County Attorney under former rulings of this Department with which we agree. All such commissions under said Articles are accountable and are not to be allowed over and above the maximum allowed under the provisions of Article 3883 and 3891.

Your attention is respectfully called to Article 3895 which debars the Commissioners' Court from allowing compensation for ex-officio services as provided therein when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for and which is to be construed with the various acts quoted.

Applying the above provisions and former rulings of this Department to your question, it is the opinion of this Department that such contract allowing the County Attorney ten percent of the delinquent taxes would be invalid, excepting as to such ten percent commission as provided under Article 335, applicable to personal property to which he would be entitled in making the maximum allowed him. The Commissioners' Court may correct its order modifying said contract in keeping with the above. As to allowing such compensation or fees in excess of the maximum allowed, the Commissioners' Court would be prohibited under Article 3, Sec. 53 of the Constitution of Texas to do so.

Trusting that the above is sufficient to answer your questions, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By         (Signed)
              Wm. J. R. King
              Assistant

WmK:AW
APPROVED:
Gerald C. Mann (Signed)
ATTORNEY GENERAL OF TEXAS